UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
Wilkes-Barre Division

| Austin X. Jones, | Case No. 5:25-bk-00022-MJC |
|---|---|
| *Debtor*. | Chapter 13 |

## Motion to Extend the Automatic Stay

Debtor Austin X. Jones, through their attorney, moves this Court as follows:

1. The Debtor filed a bankruptcy petition on January 6, 2025. They have filed a plan and all schedules, statements, and other documents required by 11 U.S.C. §521(a)(1) and Fed. R. Bankr. P. 1007(b).

2. The Debtor was involved in one active bankruptcy between January 7, 2024, and January 6, 2025:

| Case No. | District | Filed | Dismissed | Reason |
|---|---|---|---|---|
| 24-02941 | PAMB | 11/13/2024 | 12/27/2024 | Failure to file documents |

3. Because the Debtor was involved in only one active bankruptcy between January 7, 2024, and January 6, 2025, the automatic stay is set to expire on February 5, 2025. 11 U.S.C. § 362(c)(3)(A).

4. The Court may extend the automatic stay when a case is filed in good faith as to the creditors to be stayed. Good faith means that there are new circumstances demonstrating that the Debtor can probably reach the end of a chapter 13 plan. *In re Legree*, 285 B.R. 615, 620 (Bankr. E.D. Pa. 2002).

5. This case was filed in good faith. The debtor filed a plan and all schedules, statements, and other documents required by 11 U.S.C. § 521(a)(1) and Fed. R. Bankr. P. 1007(b) with the voluntary petition in the instant case.

6. Because this case was filed in good faith, the Court must continue the automatic stay against all creditors until the Debtor receive a discharge.

For those reasons, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: January 6, 2024

CIBIK LAW, P.C.
*Counsel for Debtor*

By: *[signature]*

Michael A. Cibik (#23110)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com